521 So.2d 1067 (1988)
David GORHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 70428.
Supreme Court of Florida.
February 4, 1988.
Rehearing Denied April 8, 1988.
*1068 Thomas Kenwood Equels of Holtzman, Krinzman & Equels, P.A., Kendall B. Coffey and Andres Rivero of Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, and John F. Evans, G. Richard Strafer and Holly R. Skolnick of Zuckerman, Spaeder, Taylor & Evans, Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen. and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for appellee.
EHRLICH, Justice.
David Gorham was arrested by Pompano police and charged with the murder of Carl Peterson. He was tried and found guilty, but a mistrial was declared before sentencing. On retrial in October, 1982, Gorham was again found guilty of first-degree murder and attempted robbery and the jury recommended a life sentence. The judge overrode the jury recommendation and imposed the death penalty and a fifteen-year sentence for attempted robbery. The convictions on both counts and the sentence of death were affirmed in Gorham v. State, 454 So.2d 556 (Fla. 1984), cert. denied, 469 U.S. 1181, *1069 105 S.Ct. 941, 83 L.Ed.2d 953 (1985).
This Court, in January 1985, denied Gorham's application to file a Writ of Error Coram Nobis without prejudice to file a Motion for Post-Conviction Relief. Gorham v. State, 462 So.2d 1107 (Fla. 1985). In January, 1986, Gorham sought collateral review pursuant to Florida Rule of Criminal Procedure 3.850, which was summarily denied by the trial court. Gorham now appeals the trial court's denial of his motion for post-conviction relief. We have jurisdiction, article V, section 3(b)(1), Florida Constitution. Because the trial court denied the motion without an evidentiary hearing and without attaching any portion of the record to the order of denial, our review is limited to determining whether the motion conclusively shows on its face that Gorham is entitled to no relief. Fla.R. Crim.P. 3.850; Squires v. State, 513 So.2d 138 (Fla. 1987).
Gorham first urges that the trial court should have either granted an evidentiary hearing regarding the State's alleged failure to disclose critical exculpatory evidence despite specific requests for such evidence by defense counsel in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or attached portions of the record which conclusively show he was not entitled to relief. We agree, but only as to the following three issues: first, whether the state failed to disclose promises of leniency made to Ada Johnson, a key state witness, in exchange for favorable testimony; second, whether the state should have furnished an oral statement allegedly made by Loretta Forehand to police officers at the scene; and third, whether the state should have disclosed the existence of two other suspects. Upon remand to the trial court, the judge shall determine these alleged Brady violations.
Gorham's allegations regarding suppression of photographs and plaster casts of a bloody footprint beside the victim's body are legally insufficient. The motion only raises the possibility that the photograph and plaster casts "might have proven" that someone else brought the wallet to the body of Carl Peterson after the murder. The rule enunciated in Brady is that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196-97. As noted by the United States Supreme Court, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish `materiality' in the constitutional sense." United States v. Agurs, 427 U.S. 97, 109-10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976). See James v. State, 453 So.2d 786, 790 (Fla.), cert. denied, 469 U.S. 1098, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984).
Gorham next contends the trial court erred in summarily denying his motion in regard to his allegations that he was deprived of effective assistance of counsel at trial. Again, we agree, but only in so far as his claim relates to defense counsel's ineffectiveness for allegedly failing to interview Loretta Forehand.
Gorham's remaining claims in regard to alleged ineffectiveness of trial counsel are legally insufficient and  the trial court correctly denied them without conducting an evidentiary hearing or attaching portions of the record. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 647 (1984), the United States Supreme Court held that a defendant's claim of ineffective assistance of counsel has two components:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
*1070 Id. at 687, 104 S.Ct. at 2064. The defendant must show that there is a reasonable probability that the result of the proceeding would have been different if not for counsel's unprofessional errors. Id. 104 S.Ct. at 2068.
Gorham's claim that trial counsel was ineffective for failing to discover a promise of leniency to Ada Johnson fails to meet the first prong of the Strickland test. Gorham's trial counsel specifically requested, during discovery, any information that would impeach state witnesses. In addition, trial counsel inquired of Johnson while she was on the stand if she had been promised leniency by the State in return for her testimony. Gorham has failed to demonstrate that counsel's performance was deficient.
Gorham's claim that his trial counsel was ineffective because he failed to investigate, interview or depose Tim Carlo despite being informed by Gorham that Carlo was one of two men seen fleeing the crime scene is also legally insufficient. "Nothing has been shown to this Court concerning what evidence would have been discovered had counsel not failed to do the specific acts which appellant claims constitute ineffective assistance of counsel." Smith v. State, 445 So.2d 323, 325 (Fla. 1983), cert. denied, 467 U.S. 1220, 104 S.Ct. 2671, 81 L.Ed.2d 375 (1984). Gorham has therefore failed the requirement of demonstrating that any deficiency was substantial enough to prejudice to him.
The claim of ineffective assistance of counsel for failure to present mitigating evidence fails both prongs of the Strickland test. The choice by counsel to present or not to present evidence in mitigation at the sentencing phase of trial is normally a tactical decision properly within counsel's discretion. Magill v. State, 457 So.2d 1367 (Fla. 1984). Further, we have reviewed the proffered evidence and concluded that there is no reasonable probability that the result of this trial would have been different had the evidence been presented. See, e.g., Harich v. State, 484 So.2d 1239, 1241 (Fla.), cert. denied, 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 993 (1986).
As his final claim of ineffective assistance of counsel set forth in his brief, Gorham argues that trial counsel was ineffective for failing to object to "unconstitutionally deficient instructions on first degree murder." Appellant argues that the instructions did not require that the jury reach a unanimous verdict on whether Gorham was guilty under a premeditation or felony murder theory. In addition, Gorham argues that under the court's instructions the jury may have convicted Gorham despite not finding that he had the intent to kill Carl Peterson. We note that in the 3.850 motion, this claim was asserted as an error on the part of the trial court, not ineffective assistance of counsel. Because a claim of error regarding the instructions given by the trial court should have been raised on direct appeal, the issue is not cognizable through collateral attack. The trial court therefore correctly determined that the motion in regard to this claim was facially insufficient. Smith v. State, 445 So.2d 323. Furthermore, the instructions that Gorham claims to be deficient were the standard instructions on first-degree murder under the premeditated and felony-murder theories. A careful reading of the transcript reveals that the jury was instructed that its verdict must be unanimous. Because the instructions were proper, the failure to object did not constitute a serious and substantial deficiency, measurably below the standard of competent counsel. See, e.g., McCrae v. State, 510 So.2d 874 (Fla. 1987); Francois v. State, 423 So.2d 357 (Fla. 1982).
Gorham also argues that it was improper for the trial court to consider that the murder was committed during the commission of a felony as an aggravating circumstance because the jury might have determined that Gorham was guilty of felony murder. Because we have previously determined, however, that this aggravating circumstance was properly found by the trial court, Gorham v. State, 454 So.2d at 560, this issue may not be raised in a *1071 motion for post-conviction relief. Meeks v. State, 382 So.2d 673 (Fla. 1980).
Accordingly, we reverse the trial court's summary denial of the motion as to those issues specified in this opinion as being legally sufficient and remand that portion of the case to the trial court. On remand, the trial court shall hold an evidentiary hearing and rule on the above specified allegations raised in Gorham's motion.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, specially concurring.
I would grant a full hearing on defendant's claims of ineffective assistance of counsel.