604 So.2d 544 (1992)
Sammy GIBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2364.
District Court of Appeal of Florida, First District.
August 17, 1992.
*545 Sammy Gibbs, pro se.
No appearance for appellee.
JOANOS, Chief Judge.
Sammy Gibbs appeals an order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The grounds for relief raised in the motion involved (1) alleged sentencing errors, (2) admission of expert testimony, (3) seating a biased juror, and (4) ineffective assistance of counsel. The order denying relief states that the trial court reviewed the files and records, and concluded that summary denial without hearing or attachment of files and records was warranted, because the first three grounds were or should have been raised on direct appeal, and the ineffective assistance of counsel allegation was wholly unsupported by the record and legally insufficient to state a claim for relief. We reverse and remand for further proceedings.
The motion with attached and incorporated memorandum of law set forth detailed claims of ineffective assistance of counsel with specific reference to the record. Among other things, appellant alleged his trial counsel was ineffective for failing to object to a juror who stated he could not be impartial, and this allegedly biased juror was permitted to serve on the jury. Appellant also claimed his counsel was ineffective for failing to investigate and to develop adequate information concerning the possibility of jury tampering, after members of the jury were seen eating with members of the victim's family during the course of the trial.
The order denying appellant's motion stated that the denial was based, in part, on a review of the record. This court issued an order requesting the trial court to furnish those portions of the record which demonstrated that relief was not warranted. See Fla.R.Crim.P. 3.850. The trial court's response indicated a willingness to photocopy and transmit the entire court file as the basis for denial of the motion. We declined the trial court's offer, and issued a second order directing the court's attention to page numbers found in appellant's memorandum in support of his motion, which suggested that matters pertinent to the allegations appeared at the cited pages of the record. Finally, the second order directed the trial court to furnish this court "with copies of those portions of the record which conclusively show that appellant is entitled to no relief with respect to allegations that his trial counsel was ineffective in allowing a juror who said he could not be impartial to serve on the jury."
In response to the second order, the circuit court clerk transmitted copies of the page references noted above stapled to a copy of this court's order. These transcript pages reveal that the trial court conducted a thorough inquiry into the matter of alleged juror misconduct, thereby conclusively refuting appellant's allegations of possible jury tampering. Unfortunately, there is nothing in the portion of the record provided in this second response which refutes the allegations that appellant's trial counsel was ineffective because he permitted a juror (Mr. Carpenter) to be seated on the jury, after Mr. Carpenter stated he did *546 not feel he could act impartially in the matter.[1]
At the outset, we agree with the trial court that appellant's first three allegations are procedurally barred, because they could have or should have been raised on direct appeal. See Fla.R.Crim.P. 3.850; White v. Dugger, 565 So.2d 700 (Fla. 1990); Duest v. Dugger, 555 So.2d 849 (Fla. 1990).
As to appellant's ineffective assistance of counsel allegations, the two-prong test for determining the validity of an ineffective assistance claim requires the defendant to demonstrate that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant. Johnson v. State, 593 So.2d 206 (Fla. 1992), citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The performance component need not be considered when it is clear the prejudice component has not been met. Kennedy v. State, 547 So.2d 912, 914 (Fla. 1989).
An attorney's own admission that he or she was ineffective is not determinative of the ineffective assistance issue. See Routly v. State, 590 So.2d 397, 401 n. 4 (Fla. 1992), and cases cited therein. However, an ineffective assistance claim will warrant an evidentiary hearing where the defendant alleges specific facts which are not conclusively rebutted by the record, and which demonstrate a deficiency in performance sufficient to render the result unreliable. Mendyk v. State, 592 So.2d 1076, 1079 (Fla. 1992). See also Gorham v. State, 521 So.2d 1067, 1069 (Fla. 1988).
Appellant's allegations that his trial counsel was ineffective in allowing an admittedly biased juror to serve on his jury were sufficient to require attachment of portions of the record which refuted the claim, or for an evidentiary hearing. The portions of the record provided by the circuit court clerk do not refute the biased juror claim.
Accordingly, the order denying appellant's motion for post-conviction relief is reversed and remanded for further proceedings in accordance with rule 3.850. The proceedings on remand should address only the claim that appellant's trial counsel permitted a juror who said he could not be impartial to serve on the jury.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] Appellant's motion purports to quote the following exchange between juror Carpenter and counsel: "Do you feel you can act impartially in this matter?" Mr. Carpenter: "No sir, I don't feel I could."