PER CURIAM.
Appellant seeks review of an order summarily denying his motion seeking post-conviction relief, pursuant to rule 3.850, Florida Rules of Criminal Procedure. We previously reversed a summary denial of appellant’s motion, and remanded to the trial court with directions that it “address only the claim that appellant’s trial counsel permitted a juror who said he could not be impartial to serve on the jury.” Gibbs v. State, 604 So.2d 544, 546 (Fla. 1st DCA 1992). The basis for our ruling in the prior appeal was that “[t]he portions of the record provided by the circuit court clerk [did] not refute the biased juror claim.” Id.
Our ruling in the prior appeal came only after the trial court had been afforded several opportunities to attach to its order those portions of the record establishing that appellant was entitled to no relief. Once again, the trial court’s order summarily denying appellant’s motion comes to us without having attached to it portions of the record establishing that appellant is entitled to no relief. The trial court’s order recites that a response filed by the state to appellant’s motion is attached. Although the response is not attached to the order, a copy is a part of the record. However, six exhibits referred to in the response which, presumably, were the basis for the trial court’s decision, are not a part of the record. Accordingly, once again, we reverse and remand to the trial court. We expressly direct the trial court, on remand, either to attach to its order portions of the record conclusively establishing that appellant is entitled to no relief on his claim that trial counsel was ineffective because he permitted a person who said that he could not be impartial to sit on the jury; or to hold an evidentiary hearing on that claim.
REVERSED and REMANDED, with directions.
JOANOS, KAHN and WEBSTER, JJ., concur.