707 So.2d 320 (1997)
Todd Michael MENDYK, Appellant,
v.
STATE of Florida, Appellee.
No. 88062.
Supreme Court of Florida.
December 11, 1997.
Rehearing Denied March 24, 1998.
Stephen M. Kissinger, Chief Assistant CCR, Office of the Capital Collateral Representative, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; and Kenneth S. Nunnelley, Assistant Attorney, Daytona Beach, for Appellee.
PER CURIAM.
Todd Michael Mendyk appeals the trial court's summary denial of his second amended motion for relief pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. For the reasons stated, we affirm the result below.

*321 PROCEDURAL HISTORY AND FACTS

Mendyk was convicted of first-degree murder, two counts of sexual battery and one count of kidnapping and was sentenced to death in 1987. This court affirmed his convictions and sentence on direct appeal in 1989. See Mendyk v. State, 545 So.2d 846 (Fla.1989).[1] Mendyk was denied clemency when his death warrant was signed in October 1990, but his execution was stayed by this Court to allow for post-conviction litigation.
Mendyk then filed a petition for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which included a petition under chapter 119, Florida Statutes (1989), for public records information. The trial court summarily denied the motion in March 1991. Mendyk appealed the trial court's denial of his post-conviction motion and filed a writ of habeas corpus with this Court. This Court affirmed the trial court's order denying Mendyk's motion for post-conviction relief and denied his petition for habeas corpus. See Mendyk v. State, 592 So.2d 1076 (Fla.1992). However, we granted Mendyk's petition for public records under chapter 119 regarding the disclosure of files and records in his case in the possession of the Hernando County Sheriff's Office, the Florida Parole Commission, and the Pasco County Sheriff's Office. We remanded the case as follows:
Having found merit to Mendyk's claim under chapter 119, Florida Statutes (1989), we extend the two-year time limitation of Florida Rule of Criminal Procedure 3.850 for sixty days from the date of disclosure solely for the purpose of providing Mendyk the opportunity to file a new motion for post-conviction relief predicated upon any claims arising from the disclosure.
Id. at 1082.
In August 1992, Mendyk filed an amended rule 3.850 motion containing two claims: (1) to compel disclosure of public records pursuant to chapter 119 of the Florida Statutes; and (2) that Mendyk's sentencing jury was improperly instructed and its subsequent invalid death recommendation tainted the decision of the trial court in imposing the death penalty. In its response, the State filed affidavits from various records custodians of the relevant agencies stating that the information Mendyk requested either could not be located or did not exist.[2]
In a status conference held in October 1994, defense counsel requested that Mendyk be afforded an opportunity to examine these affiants in a chapter 119 hearing or, alternatively, authority from the court to depose them. For example, counsel contended:
MR. KISSINGER: Your Honor, as to that, the only concern I have is that while I appreciate the affidavits from the various members of the Hernando County Sheriff's Office, I would like the opportunity either through the vehicle of a Chapter 119 hearing or if this court would allow through the vehicle of deposition to examine these witnesses regarding the un-edited videotape.
If the Court will review those affidavits, it indicates that an un-edited videotape did exist. If I recall the affidavits, I think they traced thattraced that un-edited videotape to Mr. Decker.
And we'd like the opportunity to at least examine Mr. Decker to examine other possibilities of where that videotape might have gone because it does appear from the other affidavits submitted with the State's motion that he was the last person to check it out.
So we would request either the authority to depose Mr. Decker or for a brief Chapter 119 hearing on that issue.
The trial court denied these requests and, on November 21, 1994, entered its order summarily concluding, based on the State's affidavits, that the Hernando and Pasco Counties Sheriff's departments had complied with Mendyk's chapter 119 requests. The parties agreed that the public records request as to the Parole Commission should not be resolved *322 until the release of this Court's decision in Asay v. Florida Parole Commission, 649 So.2d 859 (Fla.1994). Following the decision in that case, the trial courtpursuant to our remandentered an order allowing Mendyk sixty days to file a new motion for post-conviction relief.[3]
Mendyk filed his second amended motion in February 1995, in which he raised the same claims contained in the original motion. The trial court denied relief in November 1995. Mendyk sought rehearing based on the trial court's failure to conduct a Huff[4] hearing before ruling on the motion. The trial court granted this motion, and a Huff hearing was held in April 1996. The trial court subsequently entered an amended order summarily denying Mendyk's motion.

APPEAL
Mendyk raises two issues on appeal. As his first claim of error, Mendyk contends that the trial court erred in denying him an evidentiary hearing or the right to take depositions on his public records claim based solely on the affidavits of records custodians submitted by the State. Mendyk maintains that the Hernando and Pasco Counties Sheriff's Departments have failed to produce the public records he seeks and he is entitled to test and explore, in an adversarial setting and through cross-examination, the unilateral assertions of the respective records custodians that the unedited videotape cannot be located and that the interview notes or tape recording never existed in the first place.
It is undisputed that there had at one time been an unedited videotape, but according to the affidavits it could not now be located. Under these circumstances, we agree that Mendyk should not have been precluded from either exploring by deposition or at an evidentiary hearing the existence or location of the missing records. However, we find the trial court's failure to allow Mendyk to cross-examine the Hernando County affiants to be harmless. The unedited videotape depicting the scene of the murder in this case was never itself evidence, but an edited version of it was shown to the jury at Mendyk's trial in 1987. The edited version remains in the possession of the Hernando County Clerk of the Circuit Court. Given the apparent nature of this videotape, combined with the fact that Mendyk confessed to the murder several times and his codefendant testified against him at trial, we similarly find that, even if it were available, there is no possibility that this unedited video would contain any information which could form the basis for a claim under rule 3.850. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
With respect to the interview, the officer who conducted the interview submitted an affidavit that no handwritten notes or recording had been made, and Mendyk made no allegations tending to impugn the veracity of the affidavit. In the absence of a showing that such notes or recording may have been made, the trial judge did not abuse his discretion in denying Mendyk's motion in this regard.
As his second and final claim of error, Mendyk contends that his death sentence is invalid because the jury's recommendation was tainted by its consideration of unconstitutionally vague and overbroad aggravating factors and, alternatively, that his trial counsel was ineffective for failing to properly preserve this issue for appeal. As properly noted by the trial court in its order, Mendyk's jury instruction and ineffectiveness claims are procedurally barred because these claims are well beyond the scope of our remand, which was limited "solely for the purpose of providing Mendyk the opportunity to file a new motion for post-conviction relief predicated upon any claims arising from the [public records] disclosure." 592 So.2d at 1082. Given that the information Mendyk requested either could not be located or never existed, these jury instruction and ineffective assistance claims are not based on any public records disclosure and therefore are not cognizable on appeal to this Court after our limited remand.

*323 CONCLUSION

We affirm the trial court's denial of Mendyk's public records claim upon the rationale set forth above. We also affirm the order finding the instruction and alternate ineffective assistance claims to be procedurally barred.
It is so ordered.
OVERTON, SHAW, HARDING and WELLS, JJ., and GRIMES, Senior Justice, concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion, in which KOGAN, C.J., concurs.
ANSTEAD, Justice, concurring in part and dissenting in part.
I would remand and allow the defendant the opportunity to question the officials who last had possession of the unedited videotape now claimed to be lost. Here we have one official claiming to have turned over evidence to another official, who in turn says, no, he has no recollection of receiving that evidence. By refusing the defendant any opportunity, through discovery or a brief hearing, to investigate the loss of the videotape, the trial court has summarily denied the appellant the process he is due in a public records proceeding.
This Court not only has firmly supported access to public records, it has consistently upheld the right of a public records litigant to test, through appropriate discovery or at a noticed hearing, a claim that a record, which clearly once existed and should be available, has somehow been lost. Even in civil summary judgment proceedings the parties are provided the opportunity to investigate and test through discovery the position of the other side. As one of my colleagues remarked during oral argument for the instant case, this issue could have been properly and expeditiously resolved at a brief hearing. While an adversary in a public records proceeding has the absolute right to say that he is sorry but the record has been lost, his opponent is at least entitled to question the circumstances. Who knows? Maybe the inquiry will trigger someone's memory and the lost item may be found.
In any event, a brief hearing would bring some definite resolution to this issue, and this Court would not have to conjecture about the "harmlessness" of the error.
KOGAN, C.J., concurs.
NOTES
[1] The facts surrounding the murder in this case are detailed in this earlier opinion.
[2] Mendyk sought an unedited crime scene videotape from the Hernando County Sheriff's Office and handwritten notes or tape recordings made by a Pasco County Sheriff's investigator when he interviewed Mendyk concerning the unrelated murder of Terry Lynn Matthews.
[3] The records sought from the Florida Parole Commission are not at issue here.
[4] Huff v. State, 622 So.2d 982 (Fla. 1993).