711 So.2d 122 (1998)
Gregorio EUCEDA, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1108.
District Court of Appeal of Florida, Third District.
April 29, 1998.
Rehearing Denied June 17, 1998.
*123 Bennett H. Brummer, Public Defender, and Edward T. O'Donnell, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Sandra S. Jaggard, Assistant Attorney General, for appellee.
Before JORGENSON, COPE and FLETCHER, JJ.
COPE, Judge.
Gregorio Euceda appeals his convictions for driving under the influence manslaughter ("DUI manslaughter") and driving under the influence causing serious bodily injury ("DUI serious bodily injury"). We affirm.
While having a blood alcohol level of 0.11, defendant-appellant Euceda ran a red light at fifty-five miles per hour and hit a Toyota which was crossing the intersection. The collision killed one occupant of the Toyota and seriously injured the other. Defendant was convicted of DUI manslaughter and DUI serious bodily injury. This appeal follows.
Defendant first claims a jury selection error. When defendant attempted to exercise his sixth and final peremptory challenge against juror S, the State objected on Neil[1]-Melbourne[2] grounds. After hearing defense counsel's reasons, the trial court ruled that the peremptory challenge was pretextual and disallowed it. Defense counsel then exercised his sixth and final peremptory challenge against juror F. Because defense counsel had been vehement that the overruling of his attempted strike of juror S was erroneous, the prosecutor advised the court that she would research the issue overnight.
On the resumption of proceedings the next morning, the prosecutor conceded that under the case law, the defendant had given a proper reason for exercising a peremptory challenge against juror S. The State withdrew its objection to the challenge. The trial court awarded the defense an additional peremptory challenge and removed juror S from the jury.
Defense counsel then moved to strike the entire jury panel and start jury selection anew. Defense counsel contended that, had his strike of juror S been granted timely so that juror S was off the jury, then he would not have stricken juror F. He contended that the overall composition of the jury had been irremediably altered by the initial error in ruling that juror S must stay on the jury. The State pointed out that, had defense counsel not removed Juror F, then the State would have done so because juror F had had a DUI conviction some years previously. The trial court denied the motion to strike the panel.
The trial court's ruling was correct. First, the record shows that the total mix of the jury was not affected by the initial decision to overrule, and the later decision to grant, the peremptory challenge of juror S. See Hunter v. State, 660 So.2d 244, 248-49 (Fla. 1995). Second, the upshot of the error was that defense counsel was granted a seventh peremptory challenge, which allowed him to remove both juror S and F. Third, juror F's absence from the jury was owing to defense counsel's decision to strike him. The defense will not now be heard to complain about juror F's absence.
Defendant next claims a jury instruction error. He contends that the jury should have been told that the defendant's blood alcohol level of 0.11 created a rebuttable presumption of impairment. Under the circumstances of this case, the court correctly overruled defendant's contention.
Under the applicable DUI statute, there are two alternative ways to prove that a defendant is driving under the influence of alcohol:

*124 (1) By showing that "[t]he person has a blood or breath alcohol level of 0.08 percent or higher." § 316.193(1)(b), Fla. Stat. (Supp.1994).
(2) By showing that "[t]he person is under the influence of alcoholic beverages... when affected to the extent that his normal faculties are impaired...." Id. § 316.193(1)(a).[3]
Under alternative (1), a driver commits the offense of driving under the influence simply by driving with a blood alcohol level of 0.08 percent or higher. Having the unlawful blood alcohol level is itself the offense. The State need not prove impairment.
Under alternative (2), driving under the influence may also be established by showing that a person is under the influence of alcoholic beverages to the extent that his normal faculties are impaired. "[N]ormal faculties include, but are not limited to, the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies, and, in general, normally perform the many mental and physical acts of daily life." § 316.1934(1), Fla. Stat. (1993). Under this alternative, proof of a particular blood alcohol level is not required. Here, the defendant had a strong smell of alcohol, his eyes were watery and bloodshot, his speech was slurred, and he was unsteady on his feet. He had, of course, also run a red light at high speed, causing a serious accident.
In this case, the State charged the defendant under both subdivisions of the statute. At the charge conference, the trial court indicated that it would give the standard jury instruction on DUI manslaughter. Paragraph 3b of that instruction states, in substance, that at the time of operation of the vehicle the defendant "had a blood alcohol level of [0.08] percent or higher." Fla. Std. Jury Instr. (Crim.) 71. Defendant requested that the jury be specially instructed in connection with paragraph 3b that the 0.08 alcohol level creates a rebuttable presumption. The trial court overruled the defendant's request, as well as the identical request for the DUI serious bodily injury instruction. See id. at 361, paragraph 2b.
The trial court was correct. As already stated, under this particular charge, the driver commits the offense of DUI if he drives with a blood-alcohol level of 0.08 or more. That is itself the offense. Under this subdivision of the statute, it is not a rebuttable presumption. "To the extent the challenged instruction allowed the jury to substitute proof of a blood-alcohol level of 0.10 [now 0.08[4]] percent or higher for proof of impairment it correctly stated the law." State v. Rolle, 560 So.2d 1154, 1156 (Fla.1990).
The defendant finally contends that the prosecutor made an incorrect closing argument regarding the reasonable doubt standard. The prosecutor argued that the jury had to be unanimous in finding that the defendant committed the offense of DUI manslaughter, but did not have to achieve unanimity regarding whether the defendant was guilty of (1) driving with a blood alcohol level in excess of 0.08, or (2) driving while impaired. The trial court overruled the defendant's *125 objection. The defendant contends that the argument was incorrect as a matter of law, and that the jury should have been told that it had to be unanimous not only on the ultimate crime, but also on which of the two alternative theories applied.
The trial court was correct. Although Florida courts have not previously addressed this issue in the context of a DUI prosecution, the Florida Supreme Court has spoken to the issue in a first degree murder case. In Mendyk v. State, 592 So.2d 1076 (Fla. 1992), the defendant was charged with first degree murder on the alternative theories of premeditated or felony murder. See id. at 1081. Defendant argued that it was a violation of the United States Constitution to fail to instruct the jury "that it must reach a unanimous vote as to whether the petitioner was guilty of premeditated or felony murder..." Id. The Florida Supreme Court said that "the United States Supreme Court has recently decided this issue adversely to Mendyk's position." Id. (citing Schad v. Arizona, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991)). The same logic applies here.
Writing in the context of a DUI statute similar to ours, the Oregon Supreme Court concluded that the DUI law establishes "a single offense with alternative means of proving the element of being under the influence of intoxicants." State v. King, 316 Or. 437, 852 P.2d 190, 196 (1993). The court held that the jury need not agree on whether the defendant (1) had an unlawful blood alcohol level, or (2) was otherwise impaired. See id. It only need be "established to [the jury's] satisfaction that the driver was `under the influence.'" Id. We agree.
Affirmed.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla.1984).
[2] Melbourne v. State, 679 So.2d 759 (Fla.1996).
[3] The applicable portions of the statute state:

316.193 Driving under the influence; penalties.
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired; or
(b) The person has a blood or breath alcohol level of 0.08 percent or higher.
....
(3) Any person:
(a) Who is in violation of subsection (1);
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
....
2. Serious bodily injury to another, as defined in s. 316.1933, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Id. § 316.193(1),(3).
[4] The 0.08 percent blood or breath alcohol limit was enacted by chapter 93-124, Laws of Florida.