972 So.2d 292 (2008)
Arnell B. LYKES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2079.
District Court of Appeal of Florida, Fifth District.
January 18, 2008.
*293 James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Arnell B. Lykes appeals his conviction of fleeing to elude a law enforcement officer at a high speed or with wanton disregard for the safety of persons or property in violation of section 316.1935(3)(a), Florida Statutes (2006). He contends that the jury instruction was fundamentally flawed as it may have deprived him of a unanimous jury verdict. We disagree and affirm.
At the outset, we note that no objection was made at trial to the standard jury instruction given by the court. Jury instructions are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. "To justify not imposing the contemporaneous objection rule, the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error. In other words, fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Reed v. State, 837 So.2d 366, 370 (Fla.2002) (quoting State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (citations and internal quotation marks omitted)). In the instant case, we find no error, fundamental or otherwise.
Among other things, the jury instruction required the State to prove beyond a reasonable doubt that "during the course of the fleeing or attempting to flee, the defendant drove at a high speed or in any manner demonstrating a wanton disregard for the safety of persons or property." Mr. Lykes contends that based on this instruction, some of the jurors may have concluded that he fled at a high speed, while others might have believed that he endangered persons or property while fleeing. If that occurred, Mr. Lykes contends that he was deprived of a unanimous verdict. We disagree. Under the applicable fleeing statute, there are two alternative ways to prove a defendant guilty: by showing that (1) the defendant fled law enforcement officers at high speed, or (2) he fled in any manner demonstrating a wanton disregard for the safety of persons or property. § 316.1935(3)(a), Fla. Stat. (2006). A general guilty verdict, as was returned here, will be set aside only when the conviction may have rested on an unconstitutional ground or a legally inadequate theory. San Martin v. State, 717 So.2d 462, 470 (Fla.1998). Reversal is not warranted when the general verdict could have rested upon a theory of liability without adequate evidentiary support since there was an alternative theory of guilt for which the evidence was sufficient. Id. (citing Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991)).
In San Martin, the supreme court found no error in a general verdict form that did not specify whether the jury found the defendant guilty of premeditated or felony first-degree murder. Similarly, in Euceda *294 v. State, 711 So.2d 122 (Fla. 3d DCA 1998), the district court found no error in a DUI prosecution where the general verdict form did not determine whether the jury concluded that the defendant was under the influence of alcohol to the extent that his normal faculties were impaired or drove with a blood alcohol level of 0.08 percent or higher, either of which would violate the statute. "It is one thing to negate a verdict that, while supported by evidence, may have been based on an erroneous view of the law; it is another to do so merely on the chance-remote, it seems to us-that the jury convicted on a ground that was not supported by adequate evidence when there existed alternative grounds for which the evidence was sufficient." United States v. Townsend, 924 F.2d 1385, 1414 (7th Cir.1991).
For these reasons, we find no error in the jury instruction and affirm the conviction.
AFFIRMED.
GRIFFIN and EVANDER, JJ., concur.