445 So.2d 323 (1983)
Jimmy Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 63389.
Supreme Court of Florida.
November 10, 1983.
Rehearing Denied March 8, 1984.
Certiorari Denied May 29, 1984.
*324 Nora Leto, Lakeland, Robert Augustus Harper, Jr., Tallahassee, and Dennis W. Hartley, Colorado Springs, Colo., for appellant.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Justice.
In 1978, appellant was convicted of two counts of first-degree murder and sentenced to death on each count. Upon direct appeal, this Court affirmed these convictions and sentences. Smith v. State, 407 So.2d 894 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982). After executive clemency proceedings the governor signed a death warrant. On March 2, 1983, appellant filed a motion to vacate the judgments and sentences pursuant to Florida Rule of Criminal Procedure 3.850 stating six grounds for relief and also sought an evidentiary hearing and a stay of execution. Prior to the hearing on these motions, appellant filed an amendment to his motion for post-conviction relief on three additional grounds. On March 9, 1983, the trial court denied appellant's motions for post-conviction relief without an evidentiary hearing incorporating a copy of the trial record to his order. The appellant filed this appeal. We have jurisdiction. Art. V, § 3(b)(7) & (9), Fla. Const.
Appellant alleged the following six grounds for relief in his original Rule 3.850 motion: 1) that the introduction into evidence of defendant's confession violated his right to counsel as guaranteed by the sixth and fourteenth amendments; 2) that the jury was improperly instructed on the issue of mitigating circumstances in violation of the defendant's rights under the eighth and fourteenth amendments; 3) that the jury was selected through procedures that systematically excluded from jury service persons having opposition to the death penalty in violation of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968); 4) that defendant was deprived of due process by the state's failure to provide notice of the aggravating circumstances upon which it intended to rely in violation of the eighth and fourteenth amendments; 5) that the failure to suppress defendant's post-arrest confession which was obtained after the defendant had invoked his right to consult counsel was in violation of the fifth, sixth and fourteenth amendments; and 6) that the defendant was denied the effective assistance of counsel at the guilt and penalty stages of his capital trial in violation of the sixth, eighth and fourteenth amendments. In addition to these grounds, the appellant alleged three other grounds in his amendment to his motion. Those grounds *325 are: 1) that the sentencing process ignored the safeguards of Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); 2) that the sentence should be vacated because non-statutory aggravating circumstances were found by the trial court in violation of the defendant's rights under the eighth and fourteenth amendments; and 3) that the state withheld mitigating facts from the defense in violation of defendant's rights under the fifth and fourteenth amendments.
Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack. Demps v. State, 416 So.2d 808, 809 (Fla. 1982); Meeks v. State, 382 So.2d 673, 675 (Fla. 1980), cert. denied, ___ U.S. ___, 103 S.Ct. 799, 74 L.Ed.2d 1002 (1983); Adams v. State, 380 So.2d 423, 242 (Fla. 1980).
We find that all except two of the foregoing issues were or could have been raised on direct appeal and therefore are precluded from our consideration by collateral review. The two issues which we will consider on this appeal are appellant's claim of ineffective assistance of counsel and the claim that the state withheld mitigating facts from the defense.
In support of appellant's ground based on the alleged ineffective assistance of trial counsel, he cites a number of specific instances in which counsel's failure to act allegedly amounted to ineffective assistance of counsel. Appellant asserts that counsel failed to make a motion to suppress any of the confessions introduced against the appellant. He also claims: 1) that counsel failed to cross-examine crucial witnesses and that the cross-examination of others was perfunctory; 2) that counsel's voir dire examination at appellant's trial was ineffective; 3) that counsel failed to investigate any information for the guilt or penalty phases of the trial; 4) that counsel failed to file any motions designed to aid in the defense of the appellant; and 5) that counsel failed to avail himself of significant facts and witnesses that may have been effective in presenting claims for mitigation including developing any psychological testimony with regard to possible witnesses.
When ineffective assistance of counsel is asserted, the burden is on the appellant to specifically allege and establish grounds for relief and to establish whether such grounds resulted in prejudice to him. Meeks v. State. This Court set standards for assessing whether the performance of counsel in a given situation amounts to legal incompetency in Knight v. State, 394 So.2d 997, 1001 (Fla. 1981). We adopted the following four principles to make this determination. First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading. Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel. In making this second determination, the performance of counsel must be judged in light of the totality of the circumstances. Meeks v. State. Third, the defendant has the burden to show that this deficiency, when considered under the circumstances of his case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has the opportunity to rebut those assertions by showing beyond a reasonable doubt that there was no prejudice in fact.
Appellant has failed to allege specific facts to demonstrate that, but for any of the claimed omissions of trial counsel, the results of appellant's case would have been different. Nothing has been shown to this Court concerning what evidence would have been discovered had counsel not failed to do the specific acts which appellant claims constitute ineffective assistance of counsel. Appellant has failed the requirement under Knight of showing that any of *326 these deficiencies were substantial enough to demonstrate a prejudice to him.
In support of appellant's claim that the state withheld mitigating facts from the defense in this case in violation of his rights under the fifth and fourteenth amendments, appellant alleges that the prosecution withheld statements made by his mother which would have lent credibility to his statements which were made on video tape and would have added evidence in mitigation. Appellant relies on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as the legal basis for his argument.
The state argues, first of all, that this issue should not be considered by this Court because it was contained in an unsworn motion contrary to the requirements of the Florida Rules of Criminal Procedure. See Fla.R.Crim.P. 3.850. The trial court refused to consider this issue on this basis and we agree that the trial court was procedurally precluded from giving this issue consideration. Moreover, even if appellant's Brady claim had been preserved and even if we were to consider the merits of this claim, we would have to hold that it is insufficient as a matter of law. Brady requires that the defendant not be aware of the withheld evidence before or during trial. Arango v. State, 437 So.2d 1099 (Fla. 1983). The information contained in the affidavit was obviously available to the appellant and to trial counsel insofar as it involves appellant's own life story.
Therefore, we must conclude that the appellant has failed to show any basis upon which we should grant him an evidentiary hearing. We affirm the order of the trial court.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.