SHIVERS, Senior Judge.
Debra Jenkins has appealed from an order of the trial court denying her motion for post-conviction relief pursuant to Fla. R.Crim.P. 3.850. We affirm.
On February 27, 1987, Jenkins pled nolo contendere to 10 counts of sale of cocaine, and one count each of arson, conspiracy to traffic in cocaine, and sale of marijuana. Jenkins acknowledged that the conspiracy count carried a minimum mandatory term of 15 years and a $250,000 fine. However, her plea agreement provided that, upon request of the federal Drug Enforcement Administration (DEA), the state attorney’s office would move for a reduction of the statutory minimum sentence. DEA agreed to make such a request in exchange for Jenkins’ “substantial *554 assistance.” To facilitate such assistance, the agreement permitted her to remain free on bond, while reporting weekly to the local police.
In May 1987, the state attorney sought a capias, alleging that Jenkins had disappeared. Jenkins was arrested three years later in April 1990. She was sentenced on June 21,1990, at which time the state repudiated the plea agreement, and stated that no reduction would be sought. After Jenkins testified that she was forced to go to Arizona by those who did not wish her to cooperate, she was sentenced to the minimum mandatory term and fine on the conspiracy charge, and received concurrent 15-year terms on the other charges (5 years on the marijuana charge). Jenkins did not appeal. Over a year later, on July 11, 1991, her counsel filed a “motion to enforce the plea agreement.” It was heard on September 3, 1991, and denied by order of November 14, 1991, based on a lack of jurisdiction.
Jenkins appealed the November 14, 1991 order (Case No. 91-3977). On September 30, 1993, this court affirmed the trial court’s order “in which it concluded that it lacked jurisdiction to consider appellant’s motion to enforce a plea agreement, filed more than a year after appellant had been sentenced,” without prejudice to seek relief via 3.850. Jenkins v. State, 625 So.2d 88 (1st DCA 1993).
During the pendency of the appeal, on December 9, 1991, Jenkins timely filed the instant 3.850 motion in the trial court, alleging: 1) the state failed to comply with plea agreement; 2) the plea unconstitutionally forced her to give up her right to appeal; 3) the trial court erred in holding it did not have jurisdiction to rule on the motion to enforce the plea agreement; 4) the trial court erred by not giving Jenkins an opportunity to withdraw the plea when the state repudiated the agreement in June 1990; 5) Jenkins’ crime occurred prior to the guidelines, therefore she should have been given an opportunity to elect non-guidelines sentencing; 6) ineffective assistance of counsel (as to guidelines option, and consequences of the plea; and 7) the state attorney’s office is prejudiced against her. The motion was supported by an unsworn “memorandum of law,” and denied by order of January 30, 1992.
Jenkins did not timely appeal the January 30, 1992 order. On November 23, 1992, she sought a belated appeal in the trial court, alleging delay in receiving legal papers caused by transfers within the prison system. Prior to a ruling on the motion, Jenkins filed in this court a petition for habeas corpus seeking a belated appeal (Case No. 92-4368). During the pendency of the petition, on February 11, 1993, the trial court granted the belated appeal. This court denied the habe-as corpus petition as moot on February 26, 1993, and this appeal proceeded.
A motion pursuant to Fla.R.CrimJP. 3.850 must contain “a brief statement of the facts (and other conditions) relied on in support of the motion.” Fla.R.Crim.P. 3.850(c)(6). Here, Jenkins does not set forth such facts, but rather makes conclusory statements of the grounds for relief. We therefore affirm the order of the trial court denying the motion.
BOOTH and KAHN, JJ., concur.