636 So.2d 121 (1994)
Jose Raul PUIG, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-2870.
District Court of Appeal of Florida, Third District.
April 19, 1994.
Rehearing Denied June 7, 1994.
*122 Jose Raul Puig, in pro. per.
Robert A. Butterworth, Atty. Gen. and Mark C. Katzef, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and GODERICH, JJ.
PER CURIAM.
Jose Raul Puig, convicted for trafficking in cocaine, appeals the summary denial of his motion for post-conviction relief in which he alleged ineffective assistance of trial counsel. Puig's claims were: (1) trial counsel failed to investigate, locate and depose Puig's friend, Jorge Lopez, whom Puig claimed had possession of Puig's car (where the drugs were found) for some hours before Puig's arrest; (2) trial counsel had failed to request Medlin instructions, these instructions allowing the knowledge defense to be considered from the facts submitted by Puig. See State v. Medlin, 273 So.2d 394 (Fla. 1973). We hold that the trial court correctly found the motion facially insufficient.
Initially, defendant's motion is patently insufficient in that it fails to include the information required by Florida Rule of Criminal Procedure 3.850(c), namely, "whether there was an appeal from the judgment or sentence and the disposition thereof," "whether a previous postconviction motion has been filed, and if so, how many," and, "if a previous motion or motions have been filed, the reason or reasons the claim or claims in the present motion were not raised in the former motion or motions." See Williams v. State, 539 So.2d 9 (Fla. 1st DCA 1989). Additionally, defendant did not allege Lopez was available to testify; thus, the claim that counsel was ineffective for failing to investigate Lopez must also fail on that basis. Williamson v. State, 559 So.2d 723, 724 (Fla. 1st DCA 1990).
Next, even if joint possession of the car by defendant and Lopez had been established, there was circumstantial evidence from which the jury might have properly inferred that the defendant knew of the presence of the cocaine in the package found in Puig's car. Defendant was wearing a vial with a spoon with cocaine in it. In the front seat of his car next to him was the bag with a *123 balloon and bear with a clear plastic bag with a large amount of white powder, which Puig explained he thought was sugar. In sum, as to this point, the defendant has not shown that there is a reasonable probability that, but for trial counsel's failure to investigate Lopez, the result of the proceedings would probably have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984).
The second point raised by defendant is also nonmeritorious. The standard instruction on trafficking in cocaine given by the trial court, adequately apprised the jury that before they could find the defendant guilty of that crime, the prosecution must have proved, beyond a reasonable doubt that "[t]he defendant knowingly possessed a certain substance," that "[t]he defendant knew the substance was cocaine or a mixture containing cocaine." Thus, there was adequate instruction on the elements of knowledge of the presence or the nature of the substance. Defense counsel's failure to have requested a further instruction on law already covered was not outside the wide range of professionally competent assistance. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.
Accordingly, the trial court's order denying defendant's motion for post-conviction relief is affirmed.