FARMER, Judge.
In our earlier opinion affirming defendant’s conviction, we concluded that, while counsel had objected to the testimony of an expert witness on certain grounds, counsel had not preserved the particular objection that is the subject of this application for post conviction relief. Schwarz v. State, 695 So.2d 452 (Fla. 4th DCA 1997). We also held that even if the testimony were improper, its admission was harmless error. 695 So.2d at 455-56.
*568 Defendant has since moved for relief from the conviction on the grounds that her trial counsel was ineffective in failing to make the precise objection she argued in the direct appeal. She now appeals the denial of her motion. Our holding on the direct appeal, however, shows that there is no possibility that counsel’s failure to preserve an additional objection to that same evidence affected either the outcome of the bench trial or the direct appeal.
This rule 3.850 motion therefore did not meet the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requirements for prejudicial counsel error. Under Strickland, defendant is required to show that the outcome would have been different without counsel’s error. 466 U.S. at 692, 104 S.Ct. 2052 (professionally unreasonable error by counsel does not warrant setting aside judgment of criminal proceeding if error had no effect on judgment).
In our earlier opinion we held that the admission of the evidence, as to which counsel was deficient in failing to object, was harmless beyond any reasonable doubt. To make our harmless error determination, we applied the then applicable standard of State v. DiGuilio, 491 So.2d 1129 (Fla.1986).[1] Manifestly, if the admission of the evidence as to which counsel was deficient in failing to object was harmless beyond a reasonable doubt, then defendant is unable to show that counsel’s deficiency prejudiced him as Strickland requires. The conclusion on direct appeal thus ends our inquiry into the issue of Strickland prejudice.
In our recent decision in Goines v. State, 708 So.2d 656 (Fla. 4th DCA 1998), we recognized that under Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), a conclusion that the outcome was not affected by counsel’s error might not be dis-positive in all cases, that the court may sometimes be required to go further and consider whether the result of the proceeding was rendered fundamentally unfair or unreliable. Today we write to clarify that it is not neees-sary to give further consideration to the fundamental fairness or reliability of the proceedings in eases such as this, where a clear answer is provided by the traditional outcome determination analysis.
The additional considerations that we analyzed in Goines arise only in unusual cases where counsel’s error renders the entire proceeding suspect, or in cases like Fretwell where granting relief would result in a windfall outcome to which the defendant is not entitled. It is not necessary to apply the fundamental fairness standard to the types of errors that are asserted in the majority of ineffective assistance claims, such as the failure to raise the specific evidentiary objection that was alleged here. When we held on direct appeal that the admission of the improper evidence was harmless beyond a reasonable doubt, we necessarily concluded that the entire proceedings were not thereby rendered fundamentally unfair.
In her concurring opinion in Fretwell, Justice O’Connor said that “today’s decision will, in the vast majority of cases, have no effect on the prejudice inquiry.” 506 U.S. at 373, 113 S.Ct. 838 (O’Connor, J., concurring). By our affirmance today, we join those courts that have similarly concluded that Fretwell will have little effect on the application of the Strickland prejudice standard in most cases. In re Avena, 12 Cal.4th 694, 722 n. 5, 909 P.2d 1017, 1033 n. 5, 49 Cal.Rptr.2d 413, 429 n. 5 (1996); Copas v. Commissioner of Correction, 234 Conn. 139, 157 n. 10, 662 A.2d 718, 726 n. 10 (1995).
AFFIRMED.
DELL and GROSS, JJ., concur.

. See now § 924.051(l)(a), (7), Fla. Stat. (1997); and Goodwin v. State, - So.2d -, 23 Fla. L. Weekly D1538 (Fla. 4th DCA Apr. 8, 1998), on rehearing, 23 Fla. L. Weekly D1538 (Fla. 4th DCA June 24, 1998).