741 So.2d 1140 (1998)
Wesley P. CATIS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2933.
District Court of Appeal of Florida, Fourth District.
December 9, 1998.
*1141 Wesley P. Catis, Crestview, pro se.
No appearance required for appellee.
PER CURIAM.
Wesley P. Catis appeals from the July 14, 1998 order denying without evidentiary hearing his motion for post-conviction relief. We affirm.
In 1996, following a jury trial, appellant was convicted of trafficking in cocaine, battery on a law enforcement officer, and resisting arrest without violence. He was sentenced as a habitual felony offender to 10 years imprisonment. His direct appeal resulted in this court's August 1997 affirmance. Catis v. State, 698 So.2d 856 (Fla. 4th DCA 1997).
Appellant then filed a motion for post-conviction relief alleging ineffective assistance of trial counsel.[1] The trial court required and received from the state a response to the motion. The court then summarily denied the motion, incorporating into and attaching to the court's order the state's response. Appellant appeals that denial.
The appropriate claims raised in the motion are appellant's claims that his trial counsel was ineffective in failing to adequately investigate and call alibi witnesses, and in failing to move for a mistrial based on the prosecutor's inflammatory statements.
In order to prevail on a claim of ineffective assistance of counsel, a petitioner must establish: (1) counsel made errors so serious that counsel is not functioning as counsel guaranteed by the sixth amendment; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Regarding the first prong, the reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689, 104 S.Ct. 2052. Regarding the second prong, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694, 104 S.Ct. 2052.[2]
*1142 Appellant's assertionthat counsel was ineffective in failing to investigate key witnesses who would have refuted the testimony of the state's witnessis insufficient on its face since appellant did not name the witnesses, did not allege that the witnesses would have been available to testify, and did not specify the content of their testimony. See Robinson v. State, 659 So.2d 444 (Fla. 2d DCA 1995); Puig v. State, 636 So.2d 121 (Fla. 3d DCA 1994); Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993).
Within that claim, appellant also asserts that counsel failed to investigate the facts surrounding appellant's alibi defense. Since appellant gives no further information on this claim, it likewise is facially insufficient to warrant relief. See Vento v. State, 621 So.2d 493 (Fla. 4th DCA 1993) (finding 3.850 motion legally insufficient where defendant failed to provide sufficient facts supporting his claim of ineffectiveness); Jenkins v. State, 633 So.2d 553 (Fla. 1st DCA 1994) (finding that a post-conviction motion which does not state facts in support of claim, but rather set forth conclusory statements of the grounds for relief, was properly denied).
In his last claim of ineffectiveness, appellant asserts that trial counsel was ineffective for failing to move for a mistrial based on the prosecutor's references to appellant as a "drug dealer," "trafficker" and "crack dealer." The transcript provided by the state shows that in closing argument, the prosecutor said appellant was "dealing cocaine." Trial counsel objected to the comment, but the objection was overruled. Appellant alleges that the outcome of the trial would have been different had counsel also moved for a mistrial, and that his failure to do so fell below the standards of competent counsel. It appears however, based on the judge's allowance of the state's comment, that any motion for mistrial would have been denied. Moreover, denial would have been proper since appellant was charged with trafficking in cocaine, which basically equates with dealing in cocaine, and the prosecutor's argument was merely what he believed the evidence had shown. Thus, appellant failed to establish a reasonable probability that the outcome of the proceeding would have been different had counsel moved for a mistrial.
AFFIRMED.
KLEIN, TAYLOR, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] The motion also alleged that appellant was denied due process by the trial court's denial of his motion to suppress and by denial of his motion for a curative jury instruction, and that he was denied a fair and impartial trial by the trial judge's refusal to disqualify himself and by the court's limitation of appellant's cross-examination of a state witness. These issues should have been raised on direct appeal, and, therefore, are inappropriate for review under rule 3.850. See Harvey v. Dugger, 656 So.2d 1253, 1256 (Fla.1995).
[2] See also Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (finding that outcome determination alone is insufficient to establish prejudice, petitioner must also show that proceeding was fundamentally unfair or unreliable); Goines v. State, 708 So.2d 656 (Fla. 4th DCA 1998) (finding prejudice where differing outcome was not necessarily established, but fundamental unfairness or unreliability was shown). However, "it is not necessary to give further consideration to the fundamental fairness or reliability of the proceedings in cases ... where a clear answer is provided by the traditional outcome determination analysis." Schwarz v. State, 717 So.2d 567 (Fla. 4th DCA 1998).