DANAHY, Paul W., (Senior) Judge.
The State appeals from the order of the trial court granting Joseph Jackson’s motion for postconviction relief and vacating his conviction and sentence based on trial counsel’s failure to call a witness to testify at trial. We agree with the State that the witness’s testimony did not constitute newly-discovered evidence. We also agree that there is no reasonable probability that the introduction of the witness’s testimony would have affected the outcome of the trial. We, therefore, reverse the order and remand to the trial court with instructions to reinstate appellee’s conviction and sentence.
Appellee, in his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, claimed that counsel was ineffective for not calling Terry Thomas as a witness at trial. Appellee was convicted, after jury trial, of aggravated battery of a police officer and resisting arrest without violence. He alleged in his motion that he was “never aware that the person that was behind him was a law enforcement officer” and that Thomas’s testimony would have supported that claim. He alleged that the witness was available to testify and that, had his testimony been presented at trial, the jury probably would have reached a different verdict. Appellee testified at trial that he and his brother were engaged in an altercation outside a bar with several individuals, including Terry Thomas, and that he was chasing Thomas with a knife when Officer King tackled him and slammed him down on the hood of a car. Appellee slashed with the knife at the person who tackled him because he thought it was one of the other individuals with whom he had been fighting. When Faye Butler, who had accompanied him to the bar, told him that the person on top of him was a police officer, he stopped fighting. Appellee’s defense was that he did not know the person he was stabbing was a police officer and he was merely defending himself.
Officer King testified at trial that he was outside the bar, in full uniform, when he observed appellee chasing another individual. The individual came up to the officer and stood behind him. Appellee came up face to face with the two of them. The area was well lit. The individual tried to strike appel-lee from behind the officer. Officer King pushed the individual behind him “back away,” and, as he turned back to face appel- *1236 lee, appellee struck him in the eye with the knife. The officer grabbed appellee’s torso and they started struggling. He was stabbed again in the shoulder and the back of the head before he threw appellee on the hood of a car and they rolled off and hit the ground, where the officer was eventually able to subdue appellee.
Thomas testified at the evidentiary hearing on appellee’s claim.[1] He indicated that he got into an altercation at the bar with appel-lee wherein appellee cut him twice with a knife. He slammed appellee down on top of a car and then ran off. He saw Officer King “way out” in the middle of the street while this was going on, but Officer King did not come between them, nor did he try to break up the fight. In fact the officer was nowhere around while this was happening. Thomas did not see what occurred after he threw appellee on the hood of the ear. He further indicated he was in the county jail prior to and at the time of appellee’s trial and that he would have testified and “told the truth just like I am doing now.”
Appellee testified at the evidentiary hearing that he asked the first attorney appointed to his case to subpoena Thomas for trial and that he three times asked Austin Maslanik, his trial counsel, to subpoena Thomas for trial. He testified he told Maslanik that Thomas was in the county jail. Maslanik testified he took over the case from another public defender; that Thomas was mentioned in that attorney’s notes; that Thomas’s name appears in his notes of the conversations he had with appellee; and that he does not know why he did not investigate that witness. Appellee, in the written argument submitted to the trial court in support of his postconviction motion, argued that Thomas’s testimony contradicted Officer King’s testimony that he was face to face with appellee trying to break up the fight between appellee and Thomas, and that it supported appellee’s testimony that he did not know that Officer King was a police officer. The trial court, in its order granting appellee’s postconviction motion, found that “[t]he case was essentially a swearing contest between Officer King and the defendant.” It found that “Thomas’s testimony could have greatly helped the defendant’s self-defense argument and perhaps impeached the testimony of Officer King.” It further found that “[wjithout Thomas’s testimony a jury is left with the uncontradicted testimony of Officer King that he stood face to face with the defendant and the implication that the defendant had to know that Officer King is a police officer.” The trial court noted that Thomas was “an apparently unfriendly witness.” It found that counsel was deficient in his performance for failing to investigate Thomas as a witness, and, although it was somewhat equivocal, it further found that “[tjhere is a distinct probability the jury would have reached a different verdict had the testimony of Terry Thomas been presented.”
The trial court, in its order, found that Thomas’s testimony constituted newly-discovered evidence. This finding was incorrect. To prevail on a postconviction claim seeking relief on the grounds of newly-discovered evidence, a defendant must show that the evidence was unknown at the time of trial and could not have been discovered by defendant or counsel through the use of due diligence. See Melendez v. State, 718 So.2d 746 (Fla.1998); Jones v. State, 709 So.2d 512 (Fla.), cert. denied, — U.S. -, 118 S.Ct. 1350, 140 L.Ed.2d 499 (1998). Clearly, Thomas’s testimony could have been discovered by counsel’s due diligence. Appellee never alleged, in his motion, that Thomas’s account of what happened was newly-discovered evidence. Instead, he claimed that counsel was ineffective for failing to investigate Thomas as a witness.
To prevail on a claim of failure to investigate a witness, a defendant must show that, but for counsel’s deficient performance, there is a reasonable probability the outcome of the trial would have been different. See Bottoson v. State, 674 So.2d 621 (Fla.1996) (holding counsel’s failure to investigate qualifications of witness not ineffective where, even if counsel’s performance deficient, there was no reasonable probability it affected the *1237 outcome); Puig v. State, 636 So.2d 121 (Fla. 3d DCA 1994). In this case, we conclude that there was no reasonable probability that Thomas’s testimony would have affected the outcome of the trial. The trial court found that, without that testimony, Officer King’s testimony that he was standing face to face with appellee was uncontradicted. This finding is, however, refuted by the transcript of the trial.
Gwendolyn Hardy testified at trial for the State that she observed appellee and another person fighting. The other person ran away while appellee remained where he was. At that point, Officer King ran up and tackled appellee. The witness did not know whether the officer tackled appellee from in front, the side, or from behind. Appellee and the officer fought for a while before the officer threw appellee on the hood of a car.
Janetta Johnson was another eyewitness to testify for the State at trial. She indicated she had never seen appellee before that night. She testified that appellee had been fighting with an individual named Ben Coffee and that Coffee ran off one way and appellee ran off in another direction. As appellee was running away, Officer King came up and grabbed him from the side. “Joe swung around and went up and went up towards his eye area and struck him with something.” During the struggle, Officer King threw ap-pellee on the hood of her car and broke the windshield.
At trial, Anthony Holmes testified for the defense that appellee was running away from another individual who was chasing appellee with a knife. At that point, Officer King ran up and grabbed appellee from behind and they started fighting.
The only eyewitness that testified that Officer King and appellee were facing each other when the officer confronted appellee was State’s witness Jacqueline Hardy. She indicated, however, that she saw appellee fighting with another male who then took off and ran. At that point, Officer King ran up to appellee and they started fighting. Officer King was the only witness to testify that he and appellee were standing face to face, with the individual with whom appellee was fighting standing behind Officer King, when appellee stabbed the officer. Thomas would have testified that Officer King did not come between him and appellee. However, the testimony of the other witnesses supported appellee’s theory at trial that there was no such face off. Thomas did not see the altercation between Officer King and appellee. Furthermore, his testimony contradicted that of appellee and the other witnesses in that Thomas testified it was he who threw appel-lee on the hood of the car. The other witnesses testified it was the officer who threw appellee on the car.
Appellee did not demonstrate that Thomas’s testimony, had it been introduced, would probably have affected the outcome of the case. Accordingly, we reverse the order of the trial court and remand with instructions to reinstate appellee’s conviction and sentence.
PATTERSON, A.C.J., and STRINGER, THOMAS E., Sr., Associate Judge, Concur.

. At the hearing on appellee’s motion, appellee's counsel waived all claims of ineffectiveness of trial counsel except for trial counsel’s failure to subpoena Terry Thomas for trial.