748 So.2d 328 (1999)
Antonio CUNNINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 99-3343.
District Court of Appeal of Florida, Fourth District.
December 1, 1999.
Rehearing Denied January 14, 2000.
Antonio Cunningham, Arcadia, pro se.
No appearance required for appellee.
PER CURIAM.
Although we summarily affirm this appeal from an order that itself summarily denied a motion for relief under rule 3.850, we write to address the requirements for entitlement to hearings on such motions.
In Catis v. State, 741 So.2d 1140 (Fla. 4th DCA 1998), rev. denied, 735 So.2d 1284 (Fla.1999), we confronted a rule 3.850 motion alleging ineffective assistance of counsel for failing to interview key witnesses who would have refuted prosecution witnesses. We held the motion insufficient to require an evidentiary hearing because it failed to "name the witnesses, did not allege that the witnesses would have been available to testify, and did not specify the *329 content of their testimony." 741 So.2d at 1142.
Shortly thereafter in Gaskin v. State, 737 So.2d 509 (Fla.1999), the supreme court faced a summary denial of a post conviction claim of ineffective assistance of counsel. Describing the claims and their legal sufficiency, the court said in footnote 10:
"Gaskin contends the trial court erred in denying these claims on the ground they were insufficiently pleaded. Specifically, the trial court denied Gaskin's claims of ineffective assistance of guilt and penalty phase counsel, in part because he failed to name the witnesses he intended to call and state whether they were available to testify. Contrary to the trial court's finding, however, there is no requirement under rule 3.850 that a movant must allege the names and identities of witnesses in addition to the nature of their testimony in a postconviction motion. Rather, rule 3.850 merely requires the motion to state the judgment or sentence under attack, whether there was an appeal from the judgment and the disposition thereof, whether a previous postconviction motion was filed and, if so, the reason the claims in the present motion were not filed in the former motion, the nature of the relief sought, and a brief statement of the facts relied upon in support of the motion. See Fla.R.Crim.P. 3.850(c). [emphasis supplied]
737 So.2d at 513. Continuing, the court then explained:
"In Valle v. State, 705 So.2d 1331 (Fla. 1997), we held it was error for the trial court to summarily deny Valle's 3.850 motion on the basis that no supporting affidavits had been submitted:
Rule 3.850(c), which sets forth the contents of a 3.850 motion, requires a movant to include a brief statement of the facts (and other conditions) relied on in support of the motion. Fla. R.Crim.P. 3.850(c)(6). However, nothing in the rule requires the movant to attach an affidavit or authorizes a trial court to deny the motion on the basis of a movant's failure to do so.

Id. at 1334. Likewise, nothing in the rule states that a movant must allege the identities of the witnesses, the nature of their testimony, or their availability to testify. It is during the evidentiary hearing that Gaskin must come forward with witnesses to substantiate the allegations raised in the postconviction motion. Therefore, we hold that it was error for the trial court to require Gaskin to plead the identities of witnesses in order to be entitled to a hearing."
737 So.2d at 514.
As we read the foregoing from Gaskin, the court was primarily concernedat least for purposes of whether a defendant is entitled to a hearingwith the trial court-imposed requirement that the rule 3.850 motion name witnesses for the hearing and specify the precise nature of their testimony. Indeed the court went on to hold that:
"In this case, we find that Gaskin met his burden in establishing a factual basis for an evidentiary hearing on his ineffective assistance of counsel claim based on counsel's alleged failure to investigate and present important mitigating evidence and to properly advocate in Gaskin's behalf.11

11 See Wilson v. Wainwright, 474 So.2d 1162, 1164 (Fla.1985), wherein Justice Ehrlich, writing for the Court, declared:
The propriety of the death penalty is in every case an issue requiring the closest scrutiny.... However, the basic requirement of due process in our adversarial legal system is that a defendant be represented in court, at every level, by an advocate who represents his client zealously within the bounds of the law. Every attorney in Florida has taken an oath to do so and we will not lightly forgive a breach of this professional duty in any case; in a case involving the death penalty it is the very foundation of justice.
*330 737 So.2d at 514. Footnote 11 of the Gaskin opinion thus establishes that the court was also concerned with the possibility of error in a death penalty case and whether a summary denial of rule 3.850 motion might deny a capital defendant a hearing to show that a prejudicial mistake had been made in ascertaining guilt or fixing the penalty.
We therefore do not read footnote 10 in Gaskin as overruling an abundance of precedent from the supreme court itself and the district courts of appeal as well concerning the requirement in ordinary cases under rule 3.850 that the defendant make a brief statement of the facts relied upon in support of the motion. Accordingly, our decision in Catis was not a legal aberration; it follows a line of authority tracing back to Smith v. State, 445 So.2d 323, 325 (Fla.1983), where the supreme court discussed the pleading requirements for ineffective assistance of counsel claims in Rule 3.850 motions:
"When ineffective assistance of counsel is asserted, the burden is on the appellant to specifically allege and establish grounds for relief and to establish whether such grounds resulted in prejudice to him. Meeks v. State, [382 So.2d 673 (Fla.1980)]. This Court set standards for assessing whether the performance of counsel in a given situation amounts to legal incompetency in Knight v. State, 394 So.2d 997, 1001 (Fla.1981). We adopted the following four principles to make this determination. First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading. Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel. In making this second determination, the performance of counsel must be judged in light of the totality of the circumstances. Meeks v. State. Third, the defendant has the burden to show that this deficiency, when considered under the circumstances of his case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has the opportunity to rebut those assertions by showing beyond a reasonable doubt that there was no prejudice in fact."
The supreme court concluded in Smith that the defendant had failed to "allege specific facts to demonstrate that, but for any of the claimed omissions of trial counsel," the results of the defendant's case would have been different. Id. As a result, the supreme court held that the defendant was not entitled to an evidentiary hearing on his post-conviction relief motion.
The supreme court has never receded from Smith. In fact, footnote 10 in Gaskin does not mention Smith or the numerous cases following it. The supreme court cited Smith with approval in Gorham v. State, 521 So.2d 1067, 1070 (Fla. 1988). Smith establishes that, apart from the general pleading requirement under rule 3.850, a defendant must plead prejudice with specificity in a post-conviction relief motion claiming ineffective assistance of counsel. The practical import of Smith is to avoid trying the defense lawyer in every case where there has been a conviction. A hearing is reserved for those cases where a defendant can articulate a basis for one. Without such a procedural screening mechanism, the burden on trial judges would be overwhelming, as they would be required to hold evidentiary hearings based on a mere conclusory pleading of ineffectiveness of counsel, rather than on the basis of facts which, if proven, would justify post-conviction relief.
This conclusion is not undone by the more recent decision in Peede v. State, 748 So.2d 253 (Fla.1999), where the supreme court held as follows:

*331 "As a preliminary matter, we find no merit to the State's argument that some of Peede's claims were legally insufficient simply because he did not allege the specific witnesses who would testify at the evidentiary hearing. Rule 3.850 requires defendants to allege `a brief statement of the facts (and other conditions) relied on in support of the motion.' Fla.R.Crim.P. 3.850(c)(6). Although this Court has found that mere conclusory statements alleging ineffectiveness are insufficient, see, e.g., Kennedy v. Singletary, 599 So.2d 991 (Fla.1992), we have not required defendants to allege the witnesses who are available to testify at the evidentiary hearing. See, e.g., Valle v. State, 705 So.2d 1331, 1333 (Fla. 1997)." [emphasis supplied]
At 258. Indeed it is plain that Peede is merely a repetition of the Gaskin holding that a capital 3.850 defendant is not required to list witnesses and specify their testimony in order to be entitled to a hearing under rule 3.850.[1] Like Gaskin, however, Peede does nothing to relieve the general burden of a rule 3.850 defendant to allege facts suggesting the necessity for a hearing.
We again note that Gaskin and Peede were death penalty cases. As the court has made clear in relation to cases involving prisoners under a sentence of death:
"[I]n recognition of the `qualitative difference of death from all other punishments,' our jurisprudence also embraces the concept that `death is different' and affords a correspondingly greater degree of scrutiny to capital proceedings. [c.o.] Such heightened scrutiny ensures, as much as is humanly possible, that only those who are legally subject to execution are executed. However, because human decisions are subject to error, some individuals may be wrongly convicted. Thus, the concept of finality must sometimes yield to the fact that `execution is the most irremediable and unfathomable of penalties.'"
679 So.2d, at 740. The supreme court has not made clear that any relaxation of requirements for postconviction relief applied in death penalty cases must necessarily be the norm for all noncapital cases, as well. The rule as construed by the court continues to require the 3.850 defendant to state facts which, if proven or already established by the record of the conviction, would entitle him to relief from the conviction or sentence.
The nature of defendant's claim in the present case is that his trial counsel was constitutionally ineffective in failing to take a pretrial deposition of a witness named in the probable cause affidavit. Stating the name of the witness, he alleges without anything further that her testimony "would have closed the window of opportunity on the state's case." We agree with the trial judge that this bare allegation is insufficient to require an evidentiary hearing in a noncapital case.
The nature of the alleged ineffectiveness in this case is similar to failing to call a witness at trial. In order to have a new trial on the basis of evidence not used in the original trial the defendant must make a preliminary showing that such evidence "would probably produce an acquittal on retrial." [e.o.] Jones v. State, 591 So.2d 911, 915 (Fla.1991). Similarly, to satisfy the third requirement of Smith "the defendant has the burden to show that this deficiency, when considered under the circumstances *332 of his case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings." [e.s.] 445 So.2d at 325. In the context of the kind of ineffective assistance of counsel claim made here (i.e., that counsel was deficient in failing to interview and call certain witnesses), defendant's bare assertion that the omitted witness would have "closed the window of opportunity on the state's case"apart from being opaque as well as conclusoryis manifestly insufficient.
AFFIRMED.
WARNER, C.J., FARMER and GROSS, JJ., concur.
NOTES
[1] In his rule 3.850 motion alleging ineffective assistance of counsel during the penalty phase of a capital case, Peede specified that counsel failed to assist a psychiatric witness called on his behalf and to provide him with "important background information." He also specified that the witness inadequately interviewed the defendant and that an interview would have "revealed a rare and debilitating skin disease that he suffered as a child that prevented him from engaging in all activities and contributed to his serious mental illness." Id. He also alleged a failure to investigate and evaluate evidence of other important statutory mitigators.