816 So.2d 694 (2002)
Paul Michael NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-625.
District Court of Appeal of Florida, Fifth District.
April 12, 2002.
Rehearing Denied May 24, 2002.
*695 James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Paul Nelson appeals the trial court's summary denial of his motion seeking post-conviction relief filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. Nelson contends that he should have received an evidentiary hearing on his claims that the prosecutor suborned perjury during his trial and that his trial counsel was ineffective for failing to call, interview, or investigate certain witnesses. We affirm.
A defendant is entitled to receive an evidentiary hearing on a motion for post-conviction relief unless (1) the motion, files, and record in the case conclusively show that no relief is warranted, or (2) the motion is legally insufficient. In instances where the trial court denies a claim for post-conviction relief without conducting an evidentiary hearing thereon, the appellate court must examine the claim to determine if it is legally sufficient and, if so, whether the claim is refuted by the record. Atwater v. State, 788 So.2d 223, 229 (Fla. 2001).
As for Nelson's claim that the prosecutor suborned perjured during his trial, the trial court properly concluded that the evidence of record refuted this claim. Review of the transcript which was attached by the trial court to its order reveals that the witness' testimony was entirely consistent with the testimony of the other State witnesses, and any internal disparity in her testimony was not shown to have been deliberately false or misleading. See Correll v. State, 698 So.2d 522, 524 (Fla.1997)(holding that trial court properly denied motion for post-conviction relief without a hearing where record demonstrated that challenged testimony was merely corroborative and irrelevant).
Concerning Nelson's claim that he should have received an evidentiary hearing on the claim that his trial counsel was ineffective for failing to call, interview, or investigate certain witnesses at trial, the trial court correctly found that this claim was facially insufficient in that Nelson's motion failed to allege that any of the witnesses were available for trial. In issuing its ruling, the trial court properly relied on the law expressed in Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993).
In Highsmith, the First District held that, in order to set forth a facially sufficient claim of ineffective assistance of counsel based upon counsel's failure to call a witness, a post-conviction motion must allege that the witness was available to testify. This conclusion logically follows *696 from the fact that a post conviction ineffective assistance of counsel claim which is based upon counsel's failure to call witnesses must include "an explanation as to how the admission of this evidence prejudiced the outcome of the trial." 617 So.2d at 826. Counsel's failure to call a witness who was unavailable to testify at trial could not logically prejudice the outcome of a defendant's trial.
The Third and Fourth Districts have adopted and applied the same reasoning. See Catis v. State, 741 So.2d 1140 (Fla. 4th DCA 1998), rev. denied, 735 So.2d 1284 (Fla.1999); Puig v. State, 636 So.2d 121 (Fla. 3d DCA 1994). In contrast, the Second District has held that a motion need not allege availability of a witness in order to be facially sufficient. See Odom v. State, 770 So.2d 195 (Fla. 2d DCA 2000). However, in so ruling, the Odom court presented no reasoning to support its position. Instead, the court simply relied on the fact that its earlier case law setting forth the elements necessary for a facially sufficient motion did not require that an allegation be made that a witness was available to testify. We adopt the law as established in the First, Third, and Fourth Districts because we agree that trial counsel could not be ineffective for failing to call, interview or investigate a witness who was not available to testify at trial.
AFFIRMED.
THOMPSON, C.J., and ORFINGER, R.B., J., concur.