POLEN, J.,
concurring specially.
I concur in affirming the denial of post-conviction relief. Cerutti raised a claim in *207 his motion that trial counsel was ineffective in failing to call a witness at trial. Cerutti did not specifically allege that the witness was available to testify at trial.
With the exception of the second district, all the districts (including this one) have held that an allegation of availability is required to state a legally sufficient claim of this type. Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993); Puig v. State, 636 So.2d 121 (Fla. 3d DCA 1994); Catis v. State, 741 So.2d 1140, 1142 (Fla. 4th DCA 1998), review denied, 735 So.2d 1284 (Fla.1999); Nelson v. State, 816 So.2d 694 (Fla. 5th DCA 2002), review granted, 837 So.2d 411 (Fla.2003). But see Odom v. State, 770 So.2d 195 (Fla. 2d DCA 2000) (expressly holding to the contrary).
But for these precedents, I would disagree that a movant must allege the availability at trial of an uncalled (or uninvesti-gated) witness in order to state a legally sufficient claim of ineffective assistance of counsel. Applying such a strict pleading requirement constitutes an undue burden on incarcerated defendants who will often lack the resources to make this determination. After all, defense counsel, who is alleged to have been ineffective, had the resources and ability to determine whether a witness would be available at trial. I agree with the second district’s holding in Odom. A better practice would be to allow the state to refute such a claim by showing the witness would not have been available at trial. Our high court is currently reviewing the issue in Nelson.
Nevertheless, Cerutti’s motion failed to establish prejudice in the failure to call the witness. I join in affirming the denial of the claim on this ground.