872 So.2d 965 (2004)
Jessie James MILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-179.
District Court of Appeal of Florida, Fifth District.
April 16, 2004.
Rehearing Denied May 21, 2004.
Jessie James Milton, Miami, pro se.
*966 No Appearance for Appellee.
THOMPSON, J.
Jessie Milton appeals an order denying him post-conviction relief. We affirm.
Milton first contends that the trial court erred in summarily denying him relief based on his claim that counsel's failure to call a witness was ineffective assistance. We disagree. To set forth a facially sufficient claim, a post-conviction motion must allege that the witness was available to testify. Edwards v. State, 859 So.2d 538 (Fla. 4th DCA 2003); Nelson v. State, 816 So.2d 694 (Fla. 5th DCA 2002), rev. granted, 837 So.2d 411 (Fla.2003). In the instant case, Milton failed to allege or establish that the witness was available to testify. As this court reasoned in Nelson, a defendant must allege that the witness had been available to testify at trial because counsel's failure to call an unavailable witness could not logically prejudice the outcome of a defendant's trial. Id. at 696 (citing Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993)).
Next, Milton argues that the trial court erred in finding that counsel was not ineffective for failing to object to certain prosecutorial comments and failing to move for a mistrial. After a review of the record, we agree with the trial court that counsel's failure to object to certain comments made by the prosecutor was neither deficient performance nor prejudicial to Milton. The cited comments were not directed at Milton, but were made in the context of explaining the officers' questioning techniques during the taped interviews with Milton or in response to the defense's closing arguments attacking the officer's questioning techniques.
Additionally, the evidence supported the trial court's finding that counsel did not object to every allegedly improper comment as a matter of strategy. See Brown v. State, 846 So.2d 1114 (Fla.2003) (affirming denial of relief where prosecutorial comments did not undermine confidence of trial and defense counsel testified that he was being judicious with his objections in order to avoid antagonizing the jury and losing credibility). We agree that counsel's performance was not deficient or prejudicial. Moreover, after reviewing the record and the prosecutor's comments, we conclude that in light of Milton's confession, even if the prosecutor's comments were inappropriate, they were not so prejudicial as to vitiate the entire trial. See Chandler v. State, 702 So.2d 186, 191 n. 5 (Fla.1997) (holding that the prosecutor's comments about defendant and his counsel were "thoughtless and petty," but were not so prejudicial as to vitiate the entire trial).
AFFIRMED.
GRIFFIN and TORPY, JJ., concur.