ON MOTION FOR REHEARING

SHARP, W., J.
We grant Giblin’s motion for rehearing and substitute the following for our prior per curiam affirmance.
Giblin filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, seeking post-conviction relief in a criminal case. He had been convicted of first degree murder,[1] and burglary of a dwelling with an assault or battery.[2] His convictions and sentences were affirmed on appeal.[3] In this motion, Giblin asserted five grounds to establish ineffective assistance of trial counsel.
The trial court summarily denied all grounds and we initially affirmed, agreeing that they were without merit or refuted by the record. However, in light of Nelson v. State, 875 So.2d 579 (Fla.2004), which was issued by the Florida Supreme Court while this case was still under consideration by this court, we find that the ruling below summarily dismissing one ground — that trial counsel was ineffective for failing to investigate or depose witnesses — must be reversed and remanded for further consideration.
In Nelson, the Florida Supreme Court approved this court’s decision in Nelson v. State, 816 So.2d 694 (Fla. 5th DCA 2002). In that case, this court held that a post-conviction claim that trial counsel was ineffective for failing to interview or call a certain witness must include an assertion that the witness would in fact have been available to testify at trial. However, the Florida Supreme Court added an additional refinement to that case law: that in a case where such an allegation has not been made the trial court should grant the defendant leave to remedy this pleading defect, within a specific time. If the amendment is not timely filed then the trial court can render a summary denial with prejudice.
In this case, Giblin alleged that his trial counsel was ineffective because he failed to investigate and depose two potential defense witnesses that could have supported his claim of self-defense. The trial judge summarily denied Giblin’s motion on this ground because he failed to allege the witnesses would have been available to *1111 testify at trial relying on Milton v. State, 872 So.2d 965 (Fla. 5th DCA 2004). The trial court’s ruling was correct at that time.
Accordingly we affirm the trial court’s summary denial of Giblin’s motion on all grounds except the one relating to failure of trial counsel to investigate defense witnesses. With regard to that ground, we reverse and remand pursuant to Nelson in order that the trial court may allow Giblin leave to amend his motion within a specific period of time.
Rehearing GRANTED; AFFIRMED in part; REVERSED in part; REMANDED.
PETERSON and THOMPSON, JJ., concur.

. § 782.04(1), Fla. Stat.

. § 810.02(2)(a), Fla. Stat.

.See Giblin v. State, 842 So.2d 129 (Fla. 5th DCA 2003).