734 So.2d 1057 (1998)
Sidney C. GOODWIN a/k/a Mickey Goodwin, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3898.
District Court of Appeal of Florida, First District.
November 12, 1998.
Nancy A. Daniels, Public Defender; Carl S. McGinnes, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Randy L. Havlicak, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Appellant raises two issues with regard to his conviction for possession of a firearm by a convicted felon. He first argues that the trial court erred in denying his request for a jury instruction on voluntary intoxication. Second, he claims that the trial court abused its discretion by disallowing appellant's impeachment of a witness with questions concerning that witness's prior arrests. We affirm on both issues.
At trial appellant's request that the jury be instructed on his defense of voluntary intoxication was denied. Appellant argues that this was error because he lacked the ability to form the specific intent necessary to commit the crime of possession of a handgun by a convicted felon. The state answers that appellant was not entitled to the instruction because the crime is a general intent crime to which voluntary intoxication is not a viable defense. We agree.
*1058 The statute defining the offense in the instant case, section 790 .23(1)(a), Florida Statutes, provides as follows:
(1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:
(a) Convicted of a felony or found to have committed a delinquent act that would be a felony if committed by an adult in the courts of this state.
For the defense of voluntary intoxication to apply in this case, the above offense, possession of a firearm by a convicted felon, must be a specific intent crime, not a general intent crime. See Jackson v. State, 699 So.2d 306, 307 (Fla. 1st DCA), review denied, 699 So.2d 306 (1997). In Linehan v. State, 442 So.2d 244, 247-48 (Fla. 2d DCA 1983) (citations omitted), approved, 476 So.2d 1262 (Fla.1985), the Second District distinguished between general and specific intent as follows:
A "general intent" statute is one that prohibits either a specific voluntary act or something that is substantially certain to result from the act (e.g., damage to a building is the natural result of the act of setting a building afire). A person's subjective intent to cause the particular result is irrelevant to general intent crimes because the law ascribes to him a presumption that he intended such a result.
. . .
Specific intent statutes, on the other hand, prohibit an act when accompanied by some intent other than the intent to do the act itself or the intent (or presumed intent) to cause the natural and necessary consequences of the act.... Accordingly, a crime encompassing a requirement of a subjective intent to accomplish a statutorily prohibited result may be a specific intent crime.... Thus, to be a "specific intent" crime a criminal statute which contains words of mental condition like "willfully" or "intentionally" should include language encompassing a subjective intent, for example, intent to cause a result in addition to that which is substantially certain to result from a statutorily prohibited act.
Recently, in Frey v. State, 708 So.2d 918 (Fla.1998), the supreme court answered the question of whether resisting arrest with violence is a specific intent crime to which the defense of voluntary intoxication applies. That offense is committed when one "knowingly and willfully resists, obstructs, or opposes any officer ... in the lawful execution of any legal duty, by offering or doing violence to the person of such officer." § 843.01, Fla.Stat. After reviewing the differences between specific and general intent, the court found the crime to be one of general intent by looking at the "plain language of the statute" and concluding that the statute "reveal[ed] no heightened or particularized, i.e., no specific intent." Id. at 920. This same reasoning holds true in the instant case.
Examination of the plain language of section 790.23(1)(a) with the aid of the Linehan explanation cited above reveals clearly that the offense in this case is not a specific intent crime. Accordingly, the trial court did not err in denying the requested instruction because possession of a firearm by a convicted felon is a general intent crime. See United States v. Klein, 13 F.3d 1182, 1183 (8th Cir.), cert. denied, 512 U.S. 1226, 114 S.Ct. 2722, 129 L.Ed.2d 846 (1994) (rejecting defendant's argument that voluntary intoxication precluded mens rea necessary to knowingly possess handgun under 18 U.S.C. § 922(g)(1) because "[b]eing a felon in possession of a firearm is a general intent crime" to which voluntary intoxication is not defense); United States v. Bennett, 975 F.2d 305, 308 (6th Cir.1992).
In addition, we note that even if the offense in the instant case were a specific intent crime, the court did not err *1059 in not giving the voluntary intoxication instruction. As the supreme court has stated on several occasions, "evidence of alcohol consumption prior to the commission of a crime does not, by itself, mandate the giving of jury instructions with regard to voluntary intoxication"; "where the evidence shows the use of intoxicants but does not show intoxication, the instruction is not required." Linehan v. State, 476 So.2d 1262, 1264 (Fla.1985). See also Lambrix v. State, 534 So.2d 1151, 1154 (Fla.1988).
Appellant's second claim on appeal is that the trial court erroneously disallowed impeachment of a prosecution witness through questions concerning prior arrests. The record demonstrates that at trial, the witness truthfully answered questions regarding his prior felony conviction and volunteered that the conviction was twenty years old. The trial court did not err in not allowing defense counsel to impeach the witness by questioning him about prior arrests. Section 90.610, Florida Statutes, provides for attack on the credibility of a witness through questioning about prior convictions, not arrests. "A witness may not be interrogated as to former arrests or other accusations of crimes." Ehrhardt, Florida Evidence § 610.4 (1998). See Torres-Arboledo v. State, 524 So.2d 403, 408 (Fla.) (an arrest is not admissible to impeach under § 90.610), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988).
ERVIN, MINER and KAHN, JJ., concur.