PER CURIAM.
The appellant challenges the trial court’s order summarily denying his rule 3.850 motion. The appellant brings two claims: (1) his sentence as a habitual violent felony offender is improper because the trial court failed to impose the minimum mandatory sentence, and (2) his trial counsel was ineffective for failing to investigate, raise, and support a voluntary intoxication defense where counsel failed to call witnesses who would testify as to the extent of his intoxication, such that the defense could have been presented to the jury. We affirm the summary denial of the appellant’s challenge to his habitual violent felony offender sentence. See State v. Hudson, 698 So.2d 831, 833 (Fla.1997). We write only to discuss the appellant’s claim that his counsel failed to investigate, raise, and support a voluntary intoxication defense. As to that issue, we reverse and remand with instructions.
The appellant stated a facially sufficient claim of ineffective assistance of counsel based on counsel’s failure to raise a voluntary intoxication defense where he alleged that he informed his attorney that he was intoxicated at the time of the offense and that he was prejudiced by his counsel’s failure to raise this defense where witnesses were prepared to testify as to his intoxication and counsel’s failure to raise the defense changed the outcome of the trial. See McKinney v. State, 722 So.2d 933, 934-35 (Fla. 1st DCA 1998). At first blush, it appears from the record that this defense was raised; however, on further examination it is clear that counsel’s attempt to raise this defense was deficient and ultimately unsuccessful. The appellant’s trial counsel presented evidence to the jury that intoxicants were used before the commission of the crime, but he did not present evidence that the appellant was actually intoxicated. Without evi *1047 dence of actual intoxication as opposed to mere use, the appellant’s trial counsel neither sought, nor could have obtained, a jury instruction on voluntary intoxication. Therefore, despite record evidence of use of intoxicants, the defense of voluntary intoxication was not actually raised or presented to the jury. See Harich v. Wainwright, 484 So.2d 1237, 1238 (Fla.1986); Goodwin v. State, 734 So.2d 1057, 1058-59 (Fla. 1st DCA 1998).
The appellant alleged that there were other witnesses who could have testified not only that intoxicants were used but that the appellant was actually intoxicated. The appellant has provided the substance of the witnesses’ testimony and has alleged their availability to so testify. It appears that with such testimony a jury instruction on voluntary intoxication could have been sought and obtained, thereby presenting a reasonable likelihood that the outcome of the trial would be different. We conclude that the appellant has made a facially sufficient claim that his counsel’s performance was deficient and he was prejudiced by that deficiency. See Dames v. State, 807 So.2d 756, 758 (Fla. 2d DCA 2002); Hester v. State, 732 So.2d 331, 331-32 (Fla. 1st DCA 1998). We therefore reverse the summary denial of this claim and remand with instructions for the trial court to conduct an evidentiary hearing.
AFFIRMED IN PART and REVERSED IN PART.
MINER, WOLF and LEWIS, JJ., concur.