KAHN, J.
Appellant, Gerald Yarbrough, challenges the trial court’s denial of his Rule 3.850 motion for post-conviction relief. Because we find that trial counsel’s failure to properly investigate a witness and secure her testimony at trial undermines confidence in appellant’s conviction for sexual battery, we reverse.
I. Background
On June 6, 1998, appellant was arrested for sexual battery. Soon thereafter, the trial court appointed the Office of the Public Defender to represent appellant. Appellant’s trial occurred on May 25, 1999. The State presented nine witnesses, the majority of whom offered testimony tending to show that appellant had sex with the victim. Because appellant offered a consent defense, we discuss only the testimony of the alleged victim and her nephew.
The victim, Ms. Taylor, testified that the attack occurred at around 7:00 a.m. After hearing her son talking to someone in another part of the house, she asked the son to tell the person to go away. She recalled that she fell asleep and awoke to see appellant standing inside her bedroom with the door closed behind him. According to Taylor, appellant climbed into her bed, held her arms, and had sex with her while she repeatedly told him no. After appellant finished, Taylor went to the kitchen to get something to drink and then returned to the bedroom. According to Taylor, appellant remained seated at the foot of the bed. She testified that when appellant eventually left the house, she went outside to go to her mother’s house *1028 but went back inside after seeing appellant’s car parked down the street. Upon reentering her house, she called her sister. When the sister arrived, Taylor called the police.
Ms. Taylor also testified that she knew appellant before the incident. She said that appellant had no weapon and did not strike or threaten her. She testified that she did not call out for help at any time even though her 17-year-old nephew was in the house with her. According to Taylor, she did not call for help because she feared her nephew would fight with appellant and get hurt.
The nephew testified he was asleep in the house at the time of the incident and never saw appellant. He saw his aunt come into the kitchen at one point but she said nothing and went back to her room. The nephew knew appellant and had seen him before at his grandmother’s house and at Taylor’s house. The nephew was a high school football player weighing 234 pounds.
The defense presented no witnesses. The jury returned a verdict finding appellant guilty of sexual battery. That same day, the trial court sentenced appellant to 10 years, 9 months imprisonment.
II. Appellant’s Motion for Post-conviction Relief
After voluntarily dismissing a direct appeal, appellant timely filed a Rule 3.850 motion for post-conviction relief. The motion alleged that trial counsel rendered ineffective assistance of counsel by failing to locate and interview exculpatory witnesses, failing to object to the prosecutor’s leading questions, and failing to properly cross-examine State’s witnesses.
The trial court issued a Limited Order to Show Cause directing the State to “respond to Defendant’s claims of ineffective assistance of counsel set forth in Defendant’s motion and attached affidavits based on counsel’s failure to investigate Ms. Reeves, the victim’s mother, brother, and sister, Detective Robert Colbert, and ‘Frank.’ ” The order did not address the allegations related to counsel’s performance at trial.
Appellant, appellant’s wife, and his trial counsel testified at the hearing. Appellant testified he had provided his lawyer with a list of potential witnesses and had described how he felt that the witnesses would have helped his case. Of those witnesses, only the potential testimony of Pat Reeves is relevant to this appeal. According to appellant, Ms. Reeves would have been able to support his defense of consent. Appellant stated Taylor, on several occasions, told Reeves about her sexual desire for appellant and her hope that appellant would leave his wife and, further, Reeves would have testified accordingly.
Appellant’s wife, Cindy Yarbrough, testified that Ms. Reeves had told her about the comments the victim had made about appellant. Ms. Yarbrough stated that she provided appellant’s trial counsel with a significant amount of information regarding potential witnesses and that counsel had led her to believe that he would investigate.
Appellant’s trial counsel described his investigation of the case. He acknowledged that appellant had provided information regarding Ms. Reeves nearly ten months before trial. He further admitted that at about that time, he knew Ms. Reeves was in jail but he made no efforts to interview her there. Counsel’s first attempt to contact Reeves occurred approximately one month before trial. By that time, Reeves had moved to Michigan. He stated that Ms. Reeves had returned his phone call and told him (in more graphic terms than recited here) of Ms. Taylor’s desire for sexual relations with appellant. He ac *1029 knowledged that he did not. attempt to depose Reeves or subpoena her for trial. Although he had investigators at his- disposal, counsel stated that he could not get Reeves’ address. He also acknowledged, in response to the trial court’s inquiry, that he made no attempt to match Reeves’ phone number with an address. Counsel told the trial court that he believed Reeves’ testimony “would have been useful if she proved to be a credible witness” but he could not remember if he moved for a continuance.
After the hearing, the trial court directed counsel to. submit memoranda stating whether the substance of Reeves’ potential testimony had been introduced through another witness and “whether the testimony of Ms. Reeves was of such import that the fact that it was not presented may have affected the fairness and reliability of the proceedings in such a fashion that the Court’s confidence in the outcome of the jury’s decision was undermined.” The trial judge stated that the absence of Reeves’ testimony caused him “considerable concern.”
On April 30, 2003, the trial court issued its Order Denying Defendant’s 3.850 Motion for Post Conviction Relief. According to the order, appellant “failed to demonstrate that trial counsel was ineffective for failing to call a witness to trial or that there existed a reasonable probability that the result of the proceeding would have been different had the witness testified at trial.” The trial court, referencing transcripts of pre-trial hearings, further found that “the defendant failed to prove the witness was available for trial” and to the extent she was available, “agreed to waive her absence and to proceed to trial without the witness.”
On appeal, Appellant raises only the issue of whether trial counsel rendered ineffective assistance of counsel in failing to investigate Ms. Reeves and call her as a witness.
III. Analysis
In reviewing the denial of a 3.850 motion after an evidentiary hearing, this court cannot disturb findings of the trial court which are supported by competent, substantial, evidence. See Swafford v. State, 828 So.2d 966, 977 (Fla.2002). The appellate court may “not substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given the evidence by the trial court.” Id. (quoting Melendez v. State, 718 So.2d 746, 747-48 (Fla.1998)).
In this case, the evidentiary hearing raised virtually no disputed issues. Appellant’s trial counsel confirmed most of the factual allegations raised in Appellant’s 3.850 motion regarding Ms. Reeves. Significantly, counsel acknowledged that: 1) appellant provided him with a list of witnesses ten months before trial; 2) he did not interview Reeves while she was in the local jail; 3) he waited until one month before trial before attempting to contact Reeves; 4) Reeves confirmed by telephone that Taylor expressed sexual desires for appellant; 5) he made no further attempts to secure Reeves’ testimony after that contact; 6) he had no memory of using the public-'defender’s office’s investigators; 7) he did not try to depose or subpoena Reeves; 8) he believed Reeves’ testimony would have been useful in presenting a consent defense; and 9) he did not move for a continuance. Thus, the trial court needed .only to apply these established facts to the law regarding ineffective assistance of counsel. In such a case, the trial court’s application of law to the facts is reviewed under a de novo standard. See Gore v. State, 846 So.2d 461, 468 (Fla. 2003).
*1030 In order to prevail' on a claim of ineffective assistance of counsel, a defendant must demonstrate both deficient performance on the part of trial counsel and prejudice to the defendant resulting from that deficient performance. See Cherry v. State, 781 So.2d 1040, 1048 (Fla.2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Counsel’s performance is deficient if it falls below “ ‘an objective standard of reasonableness’ based on ‘prevailing professional norms.’ ” Id. In order to establish prejudice, a defendant must show a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the proceedings. Id. A defendant is “not entitled to perfect or error-free counsel, only to reasonably effective counsel.” Waterhouse v. State, 522 So.2d 341, 343 (Fla.1988).
The trial court’s order did not focus on trial counsel’s failure to make reasonable efforts to investigate Ms. Reeves as a potential witness. Instead, the trial court made the following findings:
1. Defendant has failed to demonstrate that trial counsel was ineffective for failing to call a witness to trial or there existed a reasonable probability that the result of the proceeding would have been different had the witness testified at trial. See: Strickland v: Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
2. The evidence presented at the hearing in this matter failed to prove the witness was available for trial. (See transcript May 5[,] 1999, p2; transcript May 19, 1999, p2, 3, 4; transcript May 21, 1999 p. 4); See: Roberts v. State, 825 So.2d 1046 (Fla. 1st DCA 2002); Nelson v. State, 816 So.2d 694 (Fla. 5th DCA 2002). Further, to the extent that the witness was available, defendant agreed to waive her absence and to proceed to trial without the witness. (See transcript May 21,1999, pp 4, 5).
The trial court’s citations to the pre-trial hearing transcripts show only that counsel was either having difficulty in contacting the witness or making no efforts toward contacting her.
At the May 5 pretrial hearing, trial counsel told the court, “He’s got me trying to contact one witness or she’s supposed to be getting in touch with me, I don’t think she’s returned that call yet, other than that, we should be ready to go at the end of this month.” Counsel made no other statement during that hearing regarding his attempts to contact Ms. Reeves or to ascertain her availability as a witness.
During the May 19 hearing, the trial judge spoke to both appellant and his counsel regarding the importance of Ms. Reeves’ testimony. When asked if they wanted a continuance, appellant stated, “I need to,” and counsel stated, “[tjhis would be an important witness if we could locate her and get her testimony. We would ask for a continuance if the court would consider it.” Counsel also stated that he had not spoken to Ms. Reeves. However, during the Rule 3.850 evidentiary hearing, counsel testified that he spoke with Ms. Reeves on or about April 30, 1999, after she returned his phone call. We also glean from the transcript that counsel’s efforts to locate Ms. Reeves went no further than waiting for her to call back. At the commencement of the May 19 hearing, counsel stated:
I think we’re as ready as we’re going to get, Judge. He had a witness out of state. I called, left a message for somebody to have that witness contact me and they haven’t so far. I’ve talked to Mr. Yarbrough [appellant] about that. *1031 He was to contact this person and we haven’t had any luck on that.
Nothing in the remainder of the transcript suggests that trial counsel intended to make any further efforts or that the trial court expected him to do so. At the conclusion of that hearing the trial judge told appellant:
Because I’m going to put it on you to try to do something to try to find this person and get the person to talk to Mr. Griffith, see if she can come down next week to testify. If not, we can see whether we can get the witness or not.
During the May 21 hearing, the trial court asked counsel, “What else are you doing on this case? Is it ready for trial?” Counsel responded, “Judge, I haven’t heard from Mr. Yarbrough concerning the witness that he was supposed to contact.” The trial judge then asked appellant if he was “ready to go to trial without the witness.” Appellant stated he was ready.
To the extent that it relies upon waiver, the trial court’s order merely attributes to appellant the problems created by counsel’s failure to investigate Ms. Reeves until shortly before trial.
The trial court cited Roberts v. State, 825 So.2d 1046 (Fla. 1st DCA 2002) and Nelson v. State, 816 So.2d 694 (Fla. 5th DCA 2002) to support the conclusion that appellant was not entitled to relief because he “failed to prove the witness was available for trial.” Actually, these cases simply support the proposition that a facially sufficient claim of ineffective assistance for failing to call a witness at trial requires an allegation that the witness is available. See Roberts, 825 So.2d at 1047 (“[Appellant has provided the substance of the witnesses’ testimony and has alleged their availability to so testify.”); Nelson, 816 So.2d at 696 (“Counsel’s failure to call a witness who was unavailable to testify at trial could not logically prejudice the outcome of -a defendant’s trial.”). In this case, however, appellant points to counsel’s failure to adequately and timely investigate Ms. Reeves’ potential testimony, as well as his ultimate failure to call her as a witness.
“[Cjounsel has a duty' to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel’s judgments.” Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984); see also Marshall v. State, 854 So.2d 1235, 1247 (Fla.2003). Here, appellant’s trial counsel, offered no reasonable explanation for his failure to interview Ms. Reeves at the time appellant first advised him of her location and the substance of her testimony. Once he finally made contact with Ms. Reeves, one month before trial, trial counsel failed to make attempts to take her deposition or subpoena her for trial. Counsel’s only explanation for this failure was that he did not have her address. When asked by the trial court why he did not try to match her phone number with an address, counsel responded:
The reason that I didn’t is I believe I asked Ms. Reeves for an address when I had that conversation with her so I could serve her if it was necessary, and she could not provide me with an address, she said she wouldn’t be staying there long and she didn’t know where she was going.
He further testified that he had no recollection of utilizing the public defender’s office’s investigators in trying to locate or interview Ms. Reeves.
Based on the foregoing, appellant’s trial counsel did not render assistance meeting *1032 an “objective standard of reasonableness.” See Cherry, 781 So.2d at 1048 (citing Strickland, 466 U.S. at 688, 104 S.Ct. at 2052). Reasonable counsel should have tried to contact Ms. Reeves long before appellant’s trial counsel made his first attempt. Counsel’s delay created additional difficulties in obtaining the testimony because Ms. Reeves moved to Michigan. Moreover, counsel’s attempts to interview and locate Ms. Reeves were limited to leaving a message for her and speaking to her once on the phone.
The record also demonstrates prejudice resulting from counsel’s performance. Strickland’s prejudice prong is satisfied where the defendant succeeds in showing “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2052. A “reasonable probability” is one which is “sufficient to undermine confidence in the outcome.” Id. In this case, appellant presented a consent defense. Many of the facts related- by Taylor in this case, such as her failure to call out for her nephew, her return to the bedroom after going to the kitchen for water, and the absence of threats or verifiable force by appellant, lend support to a consent defense. Ms. Reeves’ testimony indicating that Taylor had frankly expressed her sexual desire for appellant could have reasonably led the jury to find appellant not guilty. The facts here satisfy the prejudice prong.
. We REVERSE and REMAND with instructions for the trial court to vacate appellant’s judgment and sentence and grant a new trial.
ALLEN and POLSTON, JJ., concur.